Per Curiam.

The question made in another case this term, meets us likewise in this, namely, whether the plaintiffs will hold the funds, by virtue of their trustee process, in preference to the creditors who signed the indenture subsequently to this attachment. We did not anticipate that such a question would have been made. For twenty years it has been considered to be law, that if an attachment is made before any creditor has become a party to the assignment, the attachment will hold. So if it is made after some have signed the indenture, the attaching creditor will have a priority to subsequent signers. Otherwise, as it cannot be known whether creditors will or will not execute the assignment, the property would be locked up. We think this is not now an open question.[1]
The point however relied on by the respondents is, that they had not sufficient funds in their hands at the time of the service of the trustee process, to pay the debts of those creditors who had previously become parties to the assignment. Besides the money actually received by them, there was prop erty in New York, comprehended in the assignment, the proceeds of which they employed the debtor to collect for them. We think that he received the money as their servant, and that when it was received by him, they became accountable for it. As this sum, together with the funds previously in their hands, is more than sufficient to pay the debts of the creditors who executed the indenture before the service of this process, the respondents must be charged as trustees.

 See Breioer v. Pitkin, 11 Pick. 298 ; Leeds v. Sayward, 6 N. Hampsh. R. 83; Cushing on Trustee Process, § 55, p. 30, and cases cited in note 2; Bradford v. Tappan, 11 Pick. 76; Angelí on Assignments, 168 et seq.
It has since been provided, that assignments made to creditors, or to any one or more assignees or trustees for the use of creditors, according to the provisions of St. 1836, c. 238, shall be valid and effectual against any attach ment or execution thereafter made or levied on any of the property assigned provided the debtor make oath, &c. St. 1836, c. 238, § 1. But the whole subject of assignments is now regulated by St. 1838, c. 163, quad vide.